IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD P. LOPEZ, a/k/a RICHARD PAUL LOPEZ, SPN #00044950, §§§§§§§§§§§§ | |
| *Plaintiff,* | |
| v. | Civil Action No. H-21-1973 |
| HCSO, | |
| *Defendant.* | |

## MEMORANDUM OPINION AND ORDER

Richard P. Lopez, a/k/a Richard Paul Lopez, a pretrial detainee in custody of the Harris County Sheriff's Office ("HCSO"), filed a *pro se* lawsuit against the HCSO under 42 U.S.C. § 1983. He impliedly seeks leave to proceed *in forma pauperis*. Plaintiff complains that, in 1977, the 176th District Court of Harris County, Texas, "broke agreement on plea bargain." (Docket Entry No. 1, p. 8.) He seeks monetary compensation for "being illegally detained" in 1977 after his plea bargain agreement was violated. *Id.*, p. 5.

Because plaintiff is a pretrial detainee seeking leave to proceed *in forma pauperis*, his complaint is subject to screening under section 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

Plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, to recover damages based on allegations of unlawful detention or imprisonment, a civil rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.*, 512 U.S. at 486–87. Thus, plaintiff here cannot recover monetary damages for the alleged unlawful detention unless he alleges and shows that the detention or underlying conviction has been invalidated or otherwise declared unconstitutional. This, he has not done.

Because plaintiff's detention and/or incarceration arising from his 1977 plea bargain agreement has not been reversed, held unconstitutional, or otherwise set aside, his claims for monetary damages are barred by *Heck*.[1] Plaintiff's claims for monetary damages arising from his 1977 detention and/or incarceration are **DISMISSED WITH PREJUDICE** to

---

[1] The Court expresses no opinion as to whether plaintiff's claims stemming from the alleged 1977 plea bargain agreement violation are barred by limitations at this point.

being asserted again until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff's lawsuit fails to state a viable claim for relief under section 1983, premised on the *Heck* bar. This dismissal constitutes a strike for purposes of section 1915(g). Public online court records show that plaintiff has two prior dismissals that qualify as "strikes." *See Lopez v. Thomas*, C.A. No. H-04-0165 (S.D. Tex. Jan. 29, 2004) (dismissed for failure to state a recognized civil rights claim); *Lopez v. Esterra*, C.A. No. H-20-3752 (S.D. Tex. Nov. 4, 2020) (dismissed as a strike). Consequently, plaintiff is now barred from proceeding *in forma pauperis* in any federal civil lawsuit or appeal unless he establishes he is under imminent danger of serious physical injury at the time of filing. 28 U.S.C. § 1915(g).

The Clerk is to provide a copy of this order to plaintiff and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the 18 day of June, 2021.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE